UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER LAZARE JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 25-cv-2285 (UNA) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Consequently, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S.

25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard.

Plaintiff declares himself "a living man," Compl. at 1, and "a natural person [who] never knowingly consented to the creation or recognition of any artificial or corporate entity bearing the name 'WALTER LAZARE JR.,'" *id*. at 2 (emphasis in original). He claims that, "through federal administrative schemes and maritime statutes," *id.*, defendants "have unlawfully presumed jurisdiction over [him] by classifying him as a 'vessel' or 'corporate debtor entity' under admiralty law," *id*. In this way, plaintiff alleges, defendants "have imposed legal obligations, financial liabilities, and status presumptions upon [him] without due notice, hearing, or consent, and have ignored or rejected [his] administrative filings asserting his identity as a natural man." *Id*. Plaintiff demands a declaration that he is "a free, natural living man, distinct and separate from any artificial debtor entity, corporate vessel, trust, surety, or legal fiction styled 'WALTER LAZARE JR.', and affirm that [he] bears no liability, obligation, or debt associated with any such artificial entity," *id*. at 5, among other relief.

The Court finds that plaintiff's core assertion – creation of an entity affiliated with, yet distinct from, plaintiff's human self – is both irrational and incredible. Therefore, the complaint will be dismissed without prejudice. An Order is issued separately.

DATE: September 2, 2025                    /s/
                                           JIA M. COBB
                                           United States District Judge